UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Dinkins, | ) C/A No. 9:13-1320-MGL-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Sgt. M. Dailey; Major West; Mrs. H. Sellers; and Angela Graves, *All sued in their individual capacity*, | ) |
| | ) |
| Defendants. | ) |

Timothy Dinkins ("Plaintiff"), proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate in the Evans Correctional Institution ("ECI") of the South Carolina Department of Corrections ("SCDC"), in Pelzer, South Carolina, and files this action in forma pauperis under 28 U.S.C. § 1915. Plaintiff alleges violations of his Fourteenth Amendment rights.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House



---

[1] To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Further, as Plaintiff is a pro se litigant, his pleadings are accorded liberal construction. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97, (1976).

Even when considered under this less stringent standard, however, the undersigned finds and concludes for the reasons set forth hereinbelow that the pro se Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

Plaintiff alleges that on December 1, 2011, while incarcerated at Wateree Correctional Institution ("WCI"), during a search by the Defendant Sgt. Dailey and another correctional officer, a credit card was found in the common area of Plaintiff's cell. Plaintiff complains that Sgt. Dailey charged Plaintiff with a disciplinary violation, but did not charge Plaintiff's cell mate. Defendant alleges that, after he was transferred from WCI to ECI, following his disciplinary charge, the Defendant Major West changed the disciplinary violation code from 828 (possession of communication device) to 817 (possession of contraband). Plaintiff complains that the Defendant Mrs. Sellers, the disciplinary hearing officer ("DHO") at WCI, assisted the charging officer, during Plaintiff's hearing, in obtaining a faxed copy of the credit card from WCI. Plaintiff alleges that he was found guilty of the disciplinary violation and lost 60 days of good time credits, thus implicating a constitutionally protected liberty interest which entitled Plaintiff to due process protections, which were violated by Defendants Dailey, West, and Sellers. Finally, Plaintiff alleges that Defendant



2

Graves, ECI's grievance clerk, unlawfully terminated the Step 2 grievance that Plaintiff filed to protest his disciplinary conviction, thus preventing Plaintiff from fully exhausting his administrative remedies, and keeping Plaintiff from litigating to try to recover his good time credits. Amended Complaint, ECF No. 14-1, p. 2-4.

Plaintiff seeks to have his "grievance . . . reinstated as injunctive relief, or in the alternative that Plaintiff's call privileges and good time credits be reinstated." Amended Complaint, ECF No. 14-1, p. 4. Plaintiff also seeks compensatory and punitive damages from the Defendants. Id.

## DISCUSSION

In Heck v. Humphrey, 512 U.S. 477, 487 (1994), the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. The Supreme Court subsequently extended the holding in Heck to a prisoner's claim for damages regarding loss of good time credits. See Edwards v. Balisok, 520 U.S. 641, 648 (1997) [A "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983."]; see also Edwards v. Ogunsile, C/A No. 0:09-3319-TLW-PJG, 2011 U.S. Dist. LEXIS 19568, 2011 WL 779884 at *3 (D.S.C. Jan. 24, 2011) ["The rule in Heck applies to prison disciplinary convictions as well as criminal ones."]; Bryan v. SCDC, C/A No. 3:08-cv-846-RBH, 2009 U.S. Dist. LEXIS 90805, 2009 WL 3166632 at *5 (D.S.C. Sept. 29, 2009) [noting that a § 1983



3

claim for injunctive relief related to a disciplinary hearing is also barred by Heck where a judgment in the plaintiff's favor would imply the invalidity of the disciplinary proceedings (citation omitted)].

While Heck does not universally apply to all suits challenging prison disciplinary proceedings or institutional offense convictions, in situations where the administrative action affected credits toward release based on good time served, Heck bars the § 1983 claim, if the plaintiff has not previously successfully challenged the conviction. See Muhammad v. Close, 540 U.S. 749, 751 (2004) ["Heck's requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence."]. Plaintiff's Amended Complaint alleges that he lost sixty days of good time credit as a result of his disciplinary conviction in connection with this incident. Therefore, Heck's favorable termination requirement applies in the instant circumstance, and Plaintiff's claims for damages and injunctive relief against the Defendants are barred by the holdings in Heck and Edwards, because Plaintiff has not demonstrated that his disciplinary conviction has been reversed or invalidated.

Additionally, to the extent that Plaintiff seeks a reinstatement of his good time credits, which would reduce the length of his prison term, he is seeking a determination that he is entitled to "a speedier release from imprisonment." In Heck, the Supreme Court reiterated that release from prison is a remedy available only in a habeas action. "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck, 512 U.S. at 481. In Wilson v. Johnson, 535 F.3d 262 (4th Cir. 2008), the Fourth Circuit Court of Appeals affirmed the continued authority of Preiser and Heck as a bar which precludes a current



4

prisoner, who could otherwise bring a habeas action, from seeking habeas-type relief in some other action. With respect to Plaintiff's argument that Defendant Graves' unauthorized termination of his Step 2 grievance thwarted his opportunity to pursue a challenge to the loss of his good time credit, he would still need to pursue the matter through a state administrative law court appeal prior to filing a habeas action in this court. See SCDC Inmate Grievance System Procedures Issued 1-1-2006, Numbers 13.7-13.9 (requiring the inmate to appeal the result of a disciplinary hearing to the South Carolina Administrative Law Court); Furtick v. South Carolina Dep't of Corr., 649 S.E.2d 35 (S.C. 2007); see also Dicks v. South Carolina Dep't of Corr., No. 9:06-cv-663-HFF-GCK, 2006 WL 1207851 at *3 (D.S.C. 2006). Cf. Braden v. 30th Judicial Circuit Ct., 410 U.S. 484, 490-91 (1973).

As or Plaintiff's allegation that Mrs. Graves violated his Fourteenth Amendment rights, it is well settled that an SCDC inmate does not have a constitutionally protected interest in access to SCDC's grievance process or its investigative process. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) [Prisoners do not have a constitutional right of access to the grievance process]; see also Johnson v. S.C. Dep't of Corrections, No. 06-2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007) ["Plaintiff's allegation that Defendants did not follow their own policies fails, as the failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation." (citing Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990) [if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue]]; Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992) [violations of prison policies that fail to reach the level of a constitutional violation are not actionable under § 1983]. Therefore, Graves conduct in not properly processing Plaintiff's Step 2



5

grievance (assumed to be true at this stage of the proceedings) does not in itself set forth a constitutional claim.

## RECOMMENDATION

For the foregoing reasons, Plaintiff's Amended Complaint should be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

August 20, 2013
Charleston, South Carolina



6

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



7